U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 27 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FREDERICK DEWAYNE MALONE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-723-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Frederick Dewayne Malone, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On October 17, 2008, pursuant to a plea agreement, petitioner pleaded guilty to three instances of aggravated robbery with a deadly weapon in Case Nos. 1052599D, 1052064D and

1051766D stemming from a string of armed robberies in Tarrant County, Texas, and was sentenced to thirty-years' confinement in each case.[1, 2] (01SHR at 141; 02SHR at 131; 03SHR at 122) Petitioner did not appeal the convictions but did challenge the convictions in six postconviction state habeas applications. (Pet. at 3) The first three state applications, one for each conviction, were filed in the trial court on April 23, 2009, and denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court on June 17, 2009.[3] (01SHR at cover, 2; 02SHR at cover; 03SHR at cover, 2) The remaining three were filed on March 13, 2013,[4] and dismissed by

---

[1] In exchange for petitioner's pleas, the state also waived the habitual offender notice in each indictment and signed a plea-in-bar in four other separate aggravated robberies. (01SHR at 22, 37)

[2] Petitioner was also charged with capital murder as to one of the robbery victims who was shot and died as a result of the gunshot wound in Case No. 1128979R. Petitioner challenges his capital murder conviction in a separate federal habeas petition filed in this court in Civil Action No. 4:13-CV-718-O.

[3] Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). However, the applications do not reflect the date petitioner placed the documents in the prison mailing system and/or signed the documents; thus, petitioner is not given the benefit of the prison mailbox rule as to these three applications.

[4] The applications do not state the date petitioner placed the documents in the prison mailing system, however the "Inmate's

the Texas Court of Criminal Appeals as successive petitions on August 21, 2013. (06SHR at cover; 07SHR at cover; 08SHR at cover) This federal habeas petition, challenging one or more of the 2008 convictions, was filed on August 29, 2013.[5] Respondent contends the petition is untimely.

## II. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

Declaration" on page 12 of the applications was signed by petitioner on March 13, 2013; thus, the undersigned deems these three state applications filed on March 13, 2013. (06SHR at 26; 07SHR at 24; 08SHR at 24)

[5]Petitioner's federal habeas petition is also deemed filed when it is placed in the prison mailing system for mailing. (Pet. at 10) *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgments became final and the one-year limitations period began to run upon expiration of the time petitioner had for filing timely notices of appeal on Monday November 17, 2008,[6] and closed one year later on November 17, 2009, absent any applicable tolling. Tex. R. App. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

---

[6]November 16, 2008, was a Sunday.

4

Under the statutory tolling provision, petitioner's first three state habeas applications operated to toll the limitations period 56 days, making his petition due on or before January 12, 2010. Petitioner's second set of state habeas applications filed on March 13, 2013, over two years after limitations had expired did not operate to further toll the limitations. 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor has petitioner alleged or demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). There is no evidence whatsoever in the record that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court. Petitioner asserts he was unable to obtain a copy of the arrest warrant in Case No. 1052599D for six years. (Pet'r Reply with Objection at 3) However, difficulty obtaining records is a common problem for inmates who are trying to pursue postconviction habeas relief and does not warrant equitable

tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000).

Petitioner asserts he is actually innocent because of a variance between the indictment in Case No. 1052599D and evidence as to the date when the offense was committed. Specifically, he asserts he is actually innocent based on "new evidence" that he was incarcerated in state jail on December 25, 2005, when he allegedly committed the aggravated robbery as charged in the indictment. (Pet'r Reply with Objection at 2-3; 01SHR at 132) There is evidence that the actual offense date is December 25, *2006*. (01SHR at 125)

The United States Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013). However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id.* (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably,

6

would have voted to find him guilty beyond a reasonable doubt.'" *Id.*, quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (other citation omitted).

The state habeas court found that the date of December 25, 2006, is consistent with the fact that the victims identified petitioner out of a lineup on January 10, 2007, and the complaint was filed on January 23, 2007. (01SHR at 125) The state court further found that whether petitioner was incarcerated on December 25, 2005, was irrelevant to whether he actually committed the offense and that there is no evidence, or authority, that the error in the indictment would have caused him to be acquitted or found not guilty. (*Id.*) Petitioner makes no showing of actual innocence but, instead, merely demonstrates a defect in the indictment. The fact that his attorney allegedly overlooked the indictment defect and that petitioner purportedly discovered the defect postconviction, does not constitute "new evidence" potentially warranting habeas relief. *In re Anderson*, 396 F.3d 1336, 1338 (11th Cir. 2005). "New evidence" potentially warranting relief consists of the examples set forth in *Schlup*, 513 U.S. at 324 ("exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). The

7

gateway should open only when the "evidence of innocence is so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (citation omitted). No such evidence of innocence exists in this case.

In summary, petitioner's federal petition was due on or before January 12, 2010. Therefore, this petition, filed on August 29, 2013, over three years later, is untimely.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. The court further ORDERS that any pending motions not previously ruled upon be, and are hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition is timely and has

not made a substantial showing of the denial of a constitutional right.

     SIGNED December   **27**  , 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE